**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

KHADIM MBENGUE,

                Petitioner,

    v.

PATRICK GARTLAND,[1]

                Respondent.

CIVIL ACTION NO.: 5:17-cv-99

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Khadim Mbengue ("Mbengue"), who is currently in the physical custody of United States Immigration and Customs Enforcement ("ICE") at the Folkston ICE Processing Center in this District, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, as amended. (Docs. 1, 4.) Mbengue also filed a Motion to Proceed *in Forma Pauperis*. (Doc. 3.) As Mbengue has paid the filing fee, the Court **DISMISSES as moot** Mbengue's Motion. For the reasons which follow, I **RECOMMEND** that the Court **DISMISS without prejudice** Mbengue's Petition, (doc. 1), **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case, and **DENY** Mbengue *in forma pauperis* status on appeal.

## BACKGROUND

Mbengue, a native and citizen of Senegal, applied for admission to the United States on October 27, 2016, at the Port Elizabeth, Texas, port of entry by claiming a fear of returning to his

---

[1] Patrick Gartland is the Warden of the Folkston ICE Processing Center and is the only proper Respondent to this Petition. See Rumsfeld v. Padilla, 542 U.S. 426, 436 (2004). Therefore, the Court **DIRECTS** the Clerk of the Court to amend the caption of this case to name Patrick Gartland as the only proper Respondent.

country.  (Doc. 1, p. 2.)  After referral for a credible fear interview, an Asylum Pre-Screening Officer with the United States Citizenship and Immigration Services referred Mbengue's case to an Immigration Judge.  (Id.)  On December 8, 2017, the Immigration Judge ordered Mbengue removed to Senegal.  (Id. at p. 14.)  Mbengue did not file an appeal, and the removal order became administratively final.  (Id.)

However, Mbengue had not yet been removed to Senegal at the time he filed his Petition. ICE served Mbengue with a Warning for Failure to Depart, reminding him of his obligation to make timely applications for travel and identification documents.  (Id. at p. 13.)  Mbengue states ICE officials have been working with Senegalese officials to secure his travel documents for removal.  (Doc. 4, p. 7.)

Mbengue filed this Section 2241 action on August 8, 2017.  (Doc. 1.)  Therein, he argues that he should be released from custody given the amount of time that has passed since the Immigration Judge ordered his removal.  The Court did not order service of Mbengue's Petition upon the Respondent, as the Court can make a fully formed decision based on Mbengue's filings.[2]

## DISCUSSION

I.    **Dismissal of Mbengue's Section 2241 Petition**

Under the Immigration and Nationality Act, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. §1231(a)(1)(A).  During that period, the Attorney General must detain the alien. 8 U.S.C. §1231(a)(2).  Additionally, the Attorney General may detain certain categories of aliens

---

[2]  The Clerk of Court mailed a copy of the receipt for his filing fee to Mbengue at his last known address. That mailing was returned to the Court with the notations "Return to Sender" and "No longer here" on September 15, 2017, (doc. 5), indicating that Mbengue has been released from the ICE facility in Folkston, Georgia.

beyond the 90-day removal period. 8 U.S.C. § 1231(a)(6). However, any continued detention under that statute must not be indefinite. See Zadvydas v. Davis, 533 U.S. 678, 701 (2001) (construing 8 U.S.C. § 1231(a)(6) to contain a "reasonable time" limitation in which the Attorney General may detain aliens beyond the 90 day period). The United States Supreme Court found that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id.

However, this does not entail that every alien detained longer than six months must be released. Id. Rather, to state a claim for habeas relief under Zadvydas, an alien must (1) demonstrate that he has been detained for more than six months after a final order of removal; and (2) "provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002). If a petitioner makes these showings, the burden shifts to the Government to respond with evidence to rebut that showing. Zadvydas, 533 U.S. at 701.

Mbengue has satisfied the first prong of Akinwale (i.e., detention beyond the six-month removal period). His order of removal became administratively final on December 8, 2016. Thus, he had experienced more than six months of post-removal order detention at the time he filed his Section 2241 Petition. However, despite this showing, Mbengue has failed to satisfy the second prong of Akinwale. He has not presented any evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Akinwale, 287 F.3d at 1052. Mbengue has not argued, much less presented evidence, that any department of the United States has hindered his removal. Rather, in his Petition, he states in a conclusory fashion that there is no significant likelihood that his removal will occur in the reasonably foreseeable future. (Doc. 1, p. 5.)

Mbengue's conclusory and generalized allegations regarding Senegal's intentions and practices are insufficient to state a claim that there is no significant likelihood of his removal in the reasonably foreseeable future. Fahim v. Ashcroft, 227 F. Supp. 2d 1359, 1365 (N.D. Ga. 2002) (Egyptian petitioner's "bare allegations are insufficient to demonstrate a significant unlikelihood of his removal in the reasonably foreseeable future."). Mbengue's wholly conclusory allegations lack any support in the record and do not require consideration by this Court, let alone entitle him to any relief. See Caderno v. United States, 256 F.3d 1213, 1217 (11th Cir. 2001) (vague, conclusory allegations in a Section 2255 motion insufficient to state basis for relief); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (quoting Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (petitioner not entitled to habeas relief "when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible.'")).

Equally unavailing is Mbengue's implied argument that the Court can somehow presume that he will not be removed in the reasonably foreseeable future because he was not removed since the removal order. Under this line of reasoning, the Court must grant relief any time a petitioner is held for longer than six months after a removal order. This would render the second prong of Akinwale meaningless and contradict the holding of Zadvydas. Furthermore, Mbengue does not explain how the past lack of progress in the issuance of his travel documents means that Senegal will not produce the documents in the foreseeable future. See Fahim, 227 F. Supp. 2d at 1366 ("The lack of visible progress since the INS requested travel documents from the Egyptian government does not in and of itself meet [petitioner's] burden of showing that there is no significant likelihood of removal. '[I]t simply shows that the bureaucratic gears of the INS are slowly grinding away.' [Khan v. Fasano, 194 F. Supp. 2d 1134, 1137 (S.D. Cal. 2001).] In other

words, the mere fact that the Egyptian government has taken its time in responding to the INS request for travel documents does not mean that it will not do so in the future."). While Mbengue has shown minimal bureaucratic delays in his removal proceedings, he has not demonstrated a significant unlikelihood of his removal in the reasonably foreseeable future. Furthermore, even if the Court were to accept Mbengue's speculation regarding Senegal's inaction on his proceedings, Mbengue also has presented argument that officials with ICE have been working with the Senegal government to secure his travel documents. (Doc. 4, p. 7.)

Mbengue has failed to present any facts indicating that ICE is incapable of executing his removal order and that his detention will be of an indefinite nature. However, circumstances could eventually change in Mbengue's removal situation to the point that he could present a plausible claim for relief. Accordingly, the Court should **DISMISS without prejudice** Mbengue's Petition. Akinwale, 287 F.3d at 1052 ("Because circumstances may ultimately change in [petitioner's] situation, we affirm the dismissal without prejudicing [petitioner's] ability to file a new § 2241 petition in the future that may seek to state a claim upon which habeas relief can be granted.").

## II.    **Leave to Appeal** *in Forma Pauperis*

The Court should also deny Mbengue leave to appeal *in forma pauperis*. Though Mbengue has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189

F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Mbengue's Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Mbengue *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, the Court **DISMISSES as moot** Mbengue's Motion to Proceed *in Forma Pauperis* in this Court. Furthermore, I **RECOMMEND** that the Court **DISMISS without prejudice** Mbengue's Petition, (doc. 1), and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Mbengue leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be

served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Mbengue.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 19th day of September, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA